**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Boruch Fekete,<br><br>individually and on behalf of all others similarly situated,<br><div align="right">Plaintiff,</div><br><br><div align="center">-v.-</div><br>Strategic Resource Alternatives;<br><div align="right">Defendants.</div> | Case No.: 7:21-cv-6917<br><br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Boruch Fekete brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Strategic Resource Alternatives ("SRA"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." Id. The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer

protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of New York consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6.     Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.     Plaintiff is a resident of the State of New York, County of Orange.

8.     Defendant SRA is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9.     SRA has an address at 112 W Park Dr Suite 200, Mt Laurel Township, NJ 08054.

10.    Upon information and belief, Defendant SRA is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

11.    Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12.    The Class consists of:

    a.    all individuals with addresses in the State of New York;

    b.    to whom Defendant SRA sent a collection letter;

    c.    attempting to collect a consumer debt;

    d.    in two sub-classes where the letter states:

        1.    that a payment arrangement was made although no payment arrangement was ever discussed or agreed to by the consumer; or

        2.    states a 0% interest rate while also stating there is an interest balance owed; and

    e.    which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13.    The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14.    Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is

whether the Defendant's written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

16.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a.  **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b.  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

    c.  **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d.  **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent

class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## <u>FACTUAL ALLEGATIONS</u>

20.    Plaintiff repeats the above allegations as if set forth here.

21.    Some time prior to June 16, 2021, Plaintiff allegedly incurred an obligation to non-party Arvest Premier Solutions ("Arvest").

22.    The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically, a personal loan.

23.    The alleged Arvest is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24.    Arvest is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25.    According to the letter(s) described below, Arvest placed the alleged debt with Defendant SRA to collect upon.

26.    Defendant SRA collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*June 16, 2021 Collection Letters*

27.    On or about June 16, 2021, Defendant SRA sent Plaintiff two collection letters regarding the alleged debt, originally owed to Arvest.   See Letters attached as Exhibit A.

28.    One letter ostensibly contains the notices required by 15. U.S.C. § 1692g. ("First Letter").

29.    The first sentence of the other letter ("Second Letter") begins "As per your request, we wish to advise you that your account with the above referenced client has been satisfied."

30.    The collection letters also both state:

| **Account Information** | |
|---|---|
| AMOUNT PAST DUE: | $8,087.98 |
| INTEREST RATE: | 0% |
| INTEREST: | $548.06 |
| LATE CHARGES DUE: | $0.00 |
| OTHER FEES DUE: | $35.55 |
| DATE LAST PAYMENT: | 10/07/2019 |
| TOTAL AMOUNT PAST DUE: | $8,671.59 |

31.    The letters list the "Total Past Due" as $8,671.59.

32.     The Second Letter also states the "account has been satisfied" yet still has a past due balance.

33.     Plaintiff did not make any payments on the alleged debt since it was sent to collections.

34.     Because of the statement sin the Second Letter, Plaintiff would not pay the debt despite the remaining balance.

35.     To state that Plaintiff satisfied the debt is therefore false, deceptive and unfair.

36.     The letters state that the interest rate is zero percent.

37.     Yet the letters also state that there is an interest balance of $548.06

38.     These numbers contradict each other.

39.     If the interest rate is zero percent, then no interest can accrue.

40.     Alternatively, if interest is accruing, then the interest rate cannot be zero percent.

41.     The amounts listed in the letters do not add up and therefore do not make sense.

42.     It is unclear whether interest is being charged on the debt.

43.     Because of this, plaintiff does not know if the amount of his obligation is static or dynamic.

44.     The letter materially misled Plaintiff because a consumer with two equal-amount debts, one of which is increasing (dynamic) and one of which will never increase (static), will pay the increasing debt first.

45.     A debt collector cannot imply or suggest that a debt is increasing, or will continue to increase, when this implication is false.

46.     Plaintiff was alarmed, concerned, and confused by Defendant's letter as he was certain that it contained false information.

47.     Plaintiff suspected that there was fraud involved with this letter or that it was suspect.

48.     Plaintiff was therefore unable to evaluate his options of how to handle this debt.

49.     Because of this, Plaintiff expended time and money in determining the proper course of action.

50.     Due to Defendant's actions, the funds Plaintiff could have used to pay all or part of the alleged debt were therefore spent elsewhere.

51.     Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

52.     As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

53.     Plaintiff was injured by Defendant's fraud-like conduct.

54.     Plaintiff would have pursued a different course of action were it not for Defendant's violations.

55.     In addition, Plaintiff suffered emotional harm due to Defendant's improper acts.

56.     These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

57.     Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

58.     Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to

intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

59.     Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

60.     Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

61.     As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

62.     Plaintiff repeats the above allegations as if set forth here.

63.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

64.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

65.     Defendant violated said section by:

   a.   Making a false and misleading representation in violation of §§ 1692e and 1692e (10) by claiming Plaintiff had satisfied a debt when he had not and also stating conflicting amounts of interest and interest rate;

   b.   Falsely representing the character, amount or legal status of the debt in violation of §1692e (2)(A);

   c.   Threatening to take action that cannot legally be taken, such as collecting interest despite a zero percent interest rate, in violation of §1692e (5).

66.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

67.     Plaintiff repeats the above allegations as if set forth here.

68.     Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

69.     Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

70.     Defendant violated this section by unfairly claiming that Plaintiff had satisfied the debt although he had not done so, stating contradictory amounts of interest and interest rate, and collecting interest despite a zero percent interest rate, in violation of §§ 1692f and 1692f (1).

71.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

72.     Plaintiff repeats the above allegations as if set forth here.

73.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

74.     In connection with its initial communication with a consumer, a debt collector must, pursuant to 15 U.S.C. §1692g, send the consumer a written notice containing the amount of the debt.

75.  Defendant violated 15 U.S.C. §1692g by failing to properly state, pursuant to § 1692g (a)(1), the amount of the debt.

76.  By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

77.  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Boruch Fekete, individually and on behalf of all others similarly situated, demands judgment from Defendant SRA as follows:

a)  Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq., as Class Counsel;

b)  Awarding Plaintiff and the Class statutory damages;

c)  Awarding Plaintiff and the Class actual damages;

d)  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e)  Awarding pre-judgment interest and post-judgment interest; and

f)  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 17, 2021                     Respectfully submitted,

                                           **Stein Saks, PLLC**

                                           s/ Eliyahu Babad__
                                           Eliyahu Babad, Esq.
                                           One University Plaza, Suite 620
                                           Hackensack, NJ 07601
                                           Phone: (201) 282-6500 x121
                                           Fax: (201) 282-6501
                                           Email: EBabad@SteinSaksLegal.com
                                           *Attorneys for Plaintiff*